J-S06010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IRVIN GOULBOURNE | : | |
| | : | |
| Appellant | : | No. 2574 EDA 2019 |

Appeal from the PCRA Order Entered September 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0700541-2002,
CP-51-CR-1203221-2002

\*\*\*\*\*

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IRVIN GOULBOURNE | : | |
| | : | |
| Appellant | : | No. 2575 EDA 2019 |

Appeal from the PCRA Order Entered September 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0700541-2002,
CP-51-CR-1203221-2002

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:              **FILED AUGUST 10, 2020**

Irvin Goulbourne appeals *nunc pro tunc* from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

The trial court set forth the relevant facts, procedural history and reasons for dismissing Goulbourne's petition as follows:

On May 2, 2003, [Goulbourne] was tried *in absentia* and found guilty of four counts of possession with intent to deliver a controlled substance (PWID) and one count of criminal conspiracy on two separate [dockets]. The date of the offenses are documented as July 18, 2001 on [Docket No.] CP-51-CR-1203221-2002, and August 2, 2001 on [Docket No.] CP-51-CR-0700541-2002. On June 24, 2003, [Goulbourne] was sentenced to an aggregate [term] of 12 ½ to 25 years' incarceration by the Honorable Eugene Maier[,] Retired Senior Judge assigned to the Superior Court. Goulbourne's direct appeal was dismissed on February 24, 2004, for failure to file a brief. []

On January 7, 2018, [Goulbourne] filed the instant amended PCRA petition claiming that he is entitled to relief based upon [newly-discovered facts] . . . alleging ongoing revelations of police corruption involving Police Officers Thomas Liciardello and Lewis Palmer, two officers involved in the prosecution of his case. In its response to [Goulbourne]'s petition, the Commonwealth asserted that the earliest date of verifiable police misconduct involving the officers was February 2006. Following a thorough review of [Goulbourne]'s submissions, the Commonwealth's response and the law regarding exceptions to the timeliness requirements of the PCRA, the [c]ourt determined that it lacked jurisdiction to consider the merits of [Goulbourne]'s PCRA petition as it was untimely, and [Goulbourne] had failed to prove the applicability of an exception. Following required [Pa.R.Crim.P. 907] notice, [Goulbourne]'s petition was dismissed without a hearing. He now appeals.

On appeal, [Goulbourne] complains that the [c]ourt erred in dismissing his petition without a hearing because his convictions are based upon the testimony of corrupt police officers [who] the Commonwealth believes are not credible. [Goulbourne] contends that his claims require that his sentence be vacated. [Goulbourne]'s contentions are incorrect. In early 2013, it was confirmed that certain officers were under investigation by the FBI and Philadelphia Police Department Internal Affairs for fabricating narcotics arrests and other misconduct alleged to have occurred between 2006 and 2012. Several officers were later federally indicted. Review of the federal indictment reveals that the allegations of police misconduct alleged therein encompassed the

time period from 2006 through 2012. The Commonwealth subsequently chose to review the integrity of criminal convictions that occurred between those dates [that] involved the officers under investigation/indictment, including Liciardello and Palmer. PCRA relief was granted in a number of cases where those officers played an integral role in the prosecution of the case. Goulbourne's arrests occurred in 2001, five years before the earliest date of February 2006, and as such, do not fall within the dates of alleged misconduct identified in the federal indictment or by the Commonwealth. Therefore, [Goulbourne] has failed to demonstrate the existence of unknown facts, namely[,] alleged misconduct by officers involved in his arrest and prosecution which occurred during the time of his arrest. When a petition is untimely on its face, and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. [**Commonwealth v. Hudson**], 156 A.3d 1194, 1197 ([Pa.]Super.] 2017) [(citing **Commonwealth v. Taylor**, [65 A.3d 462 (Pa.]Super. 2013))].

PCRA Court Opinion, 12/518, at 1-4 (internal footnotes omitted).

Instantly, the September 21, 2018 order denying Goulbourne's petition lists the two docket numbers of the underlying cases. On September 21, 2018, Goulbourne filed a *single* notice of appeal from that order, which also lists the two separate docket numbers. Our Court quashed the notice of appeal based on **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." **Id.** at 977. We concluded that "[t]he failure to file separate appeals under these circumstances 'requires the appellate court to quash the appeal.'" **Commonwealth v. Goulbourne**, 2754 EDA 2018 (Pa. Super. filed April 16, 2019) (judgment order). The trial court reinstated Goulbourne's appellate rights on August 23, 2019. On September 4, 2019, Goulbourne filed two separate *nunc pro tunc* notices of

- 3 -

appeal, each containing the two docket numbers below.[1]  Goulbourne also filed a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  He presents the following issue for our consideration:  "Did the PCRA court err in dismissing [Goulbourne's] PCRA petition without a hearing because [his] convictions are based upon the testimony of corrupt police officers that the Commonwealth believes are not credible and [Goulbourne's] judgment of sentence should be vacated following remand for an evidentiary hearing?"  Appellant's Brief, at 4.

Before addressing Goulbourne's claim on appeal, we must first resolve a procedural issue presented in the case.  In **Commonwealth v. Williams**, 206 A.3d 573 (Pa. Super. 2019), this Court recently explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court."  Pa.R.A.P. 341(a).  "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)[.]"  []**Walker**, 185 A.3d [at] 976[.]  The Official Note now reads:
>
>> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Commonwealth v. C.M.K.**, [] 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two [defendants]' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.

---

[1] On October 15, 2019, our Court granted Goulbourne's "Motion to Consolidate [his] Two Separately Docketed Appeals" by order, pursuant to Pa.R.A.P. 513. Order, 10/15/19.  The order was entered "without prejudice for the merits panel to quash either or both appeals upon review."  **Id.**

*Id.* at 575.

In ***Walker***, our Supreme Court found the above-language constituted "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker***, 185 A.3d at 976-77. Accordingly, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file *separate* appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977 (emphasis added). The Court made its holding prospective, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." ***Id.*** Furthermore, the ***Walker*** Court directed that "in future cases Rule 341 will, in accordance with its Official Note, *require* that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal *must* be filed. The failure to do so will result in quashal of the appeal." ***Id.*** (emphasis added).

Recently, our full Court revisited the ***Walker*** holding in ***Commonwealth v. Johnson***, 2020 PA Super 164 (Pa. Super. filed July 9, 2020) (en banc) and ***Commonwealth v. Larkin***, 2020 PA Super 163 (Pa. Super. filed July 9, 2020) (en banc). In those cases our Court concluded that

"in so far as **Creese**[2] stated 'a notice of appeal may contain **only one** docket number[,]' . . . that pronouncement is overruled." **See Johnson**, **supra** at *12 (emphasis in original); **see also Larkin**, **supra** at *3 (recognizing that **Johnson** "expressly overruled **Creese** to the extent that **Creese** interpreted **Walker** as requiring the Superior Court to quash appeals when an appellant, who is appealing from multiple docket numbers, files notices of appeal with all of the docket numbers listed on each notice of appeal."). Additionally, both cases reaffirmed the holding[3] in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), where we declined to quash an appeal when a *pro se* defendant filed a single notice of appeal listing two docket numbers. In that case the trial court advised the defendant "that he has thirty day from this day, to file "**a** written notice of appeal to the Superior Court." **Id.** at 159 (emphasis in original). Our Court concluded that the defendant had been misinformed by the trial court, which amounted to a "breakdown in the court system" and excused the defendant's lack of compliance with **Walker**. **Id.** at 160.

---

[2] **See Commonwealth v. Creese**, 216 A.3d 1142, 1144 (Pa. Super. 2019) (construing mandates of **Walker** to mean that "we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case.").

[3] In fact, **Larkin** extended the **Stansbury** holding to *all* defendants, whether represented or *pro se*. **See Larkin**, **supra** at *6 ("We agree with the panel in **Stansbury** and reaffirm its holding that we may overlook the requirements of **Walker** where, as here, a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights.").

Similar to the defendant in **Larkin**, Goulbourne filed the same notice of appeal for his two cases below; that notice listed both trial court docket numbers. Since it "is of no consequence" that Goulbourne's notice of appeal contained more than one docket number, **Johnson**, **supra** at *11; **Larkin**, **supra** at *3, and because Goulbourne complied with **Walker** by "fil[ing] *separate* appeals from an order that resolves issues arising on more than one docket," **id.** at 977, we decline to quash the appeal for violating **Walker** and its attendant requirements.[4] Therefore, we shall proceed to address the issue Goulbourne raises on appeal.

On appeal from the denial of PCRA relief, we must determine whether the PCRA court's findings are supported by the record and whether the order is otherwise free of legal error. **Commonwealth v. Blackwell**, 647 A.2d 915, 920 (Pa. Super. 1994). We will not disturb the PCRA court's findings unless they have no support in the record. **Id.**

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. **See** 42 Pa.C.S.A. § 9545(b)(3). There are, however, exceptions to the time requirement. Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be

_____

[4] We also note that quashal is unnecessary for an alternative reason. Because the order informing Goulbourne of his appellate rights stated that he "ha[s] thirty (30) days from the date of the order [dismissing his PCRA petition] to file **a** [n]otice of [a]ppeal to the Superior Court of Pennsylvania," Order, 9/21/18, a breakdown in the court system occurred. **See Larkin**, **supra** at *6; **Stansbury**, **supra** at 159.

considered timely. These exceptions include interference by government officials in the presentation of the claim, newly-discovered facts or evidence, and an after-recognized constitutional right. *See id.* at §§ 9545(b)(1)(i),(ii), and (iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *See also id.* at §9545(b)(2).[5] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Here, Goulbourne's judgment of sentence became final on March 5, 2004, when the time expired for him to file a petition for allowance of appeal following our Court's dismissal of his direct appeal. *See* Pa.R.A.P. 1113. Thus, Goulbourne had one year from that date, or until March 5, 2005, to file a timely PCRA petition. He filed his petition on January 7, 2018, nearly fourteen years too late. Accordingly, unless Goulbourne pleads and proves an

---

[5] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty (60) days of the date the claim could have been presented, to one year. The amendment "shall apply only to claims arising one year before the effective date of this section[, December 24, 2017] or thereafter. *See* Editor's Notes, Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, the 60-day time limit in section 9545(b(2) applies to Goulbourne's petition, as his claims arose in 2015 after Officer Liciardello's federal indictment was published and Goulbourne was represented by counsel, more than one year before the effective date of the amendment.

exception to the PCRA time bar, the PCRA court was without jurisdiction to consider his petition and properly dismissed it as untimely.

To overcome the PCRA time bar, Goulbourne attempts to invoke the "newly-discovered facts" exception, set forth in section 9545(b)(1)(ii). Section 9545(b)(1)(ii) provides an exception to the time bar where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(2)(ii). Goulbourne raises the alleged corruption of two former police officers, Thomas Liciardello and Lewis Palmer, who "played a pivotal role in [his] arrest[.]" Appellant's Brief, at 5. He asserts that because his "conviction is based upon the testimony of corrupt police officers that the Commonwealth believes are not credible, [his] judgment of sentence should be vacated [and the case] remand[ed] for an evidentiary hearing and a new trial." *Id.* at 6.[6]

_____

[6] Because Goulbourne's petition is untimely, he must first plead and prove the "newly-discovered fact" exception before arguing a substantive after-discovered evidence claim. Succinctly put, pleading and proving the exception under section 9545(b)(1)(ii) is a threshold issue before a petitioner can prove a claim under section 9543(a)(2).

In *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017), our Supreme Court explained the interplay between the PCRA's newly-discovered facts exception and an after-discovered evidence claim in an otherwise timely petition under section 9543(a)(2) as follows:

The newly-discovered facts exception to the time limitations of the Post Conviction Relief Act (PCRA), 42 Pa.C.S.[A.] §§ 9541-9546, as set forth in 42 Pa.C.S.[A.] § 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S.[A.] § 9543(a)(2). To qualify for an exception to the

In July 2014, the Federal Bureau of Investigation (FBI) indicted Liciardello, in addition to five other Philadelphia narcotics officers, for allegedly abusing their positions to rob and extort suspected drug dealers and falsifying police reports to cover up their criminal actions. The indictment alleged Liciardello's criminal actions occurred between February 2006 and November

_____

PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, **where a petition is otherwise timely**, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***Commonwealth v. D'Amato***, [] 856 A.2d 806, 823 (Pa. 2004); ***see [Commonwealth v.] Cox***, 146 A.3d [221,] 227-28 [(Pa. 2016)] ("Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar), the relevant inquiry becomes whether the claim is cognizable under [Section 9543] of the PCRA.").

***Id.*** at 629 (emphasis added). ***See also Commonwealth v. Bennett***, 930 A.2d 1264, 1270 (Pa. 2007) (reference to after-discovered evidence was "misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'").

2012.[7]   In October 2010, Palmer was found guilty of interception of communications committed in 2009 against his former wife.[8]

Here, Goulbourne has neither pled the date he discovered the alleged police misconduct information, nor proven that he exercised due diligence in discovering this information as required under subsection 9545(b)(2).  He has also failed to include any evidence demonstrating that he raised the police misconduct claims within 60 days of the date they could have been presented. In fact, because Liciardello's federal indictment was published in 2014 and his acquittal in federal court occurred on May 14, 2015,[9] Goulbourne should have filed his petition within 60 days of the latter date.[10]   Instead, he filed his petition in January 2018 —almost three years later.[11]

_____

[7]   **See**   https://abc7.com/arrested-officers-corruption-investigation/228811 (last visited 6/18/20).

[8] Goulbourne's claim regarding Palmer is based solely on his status as a convicted felon and not that Palmer's criminal conviction in 2010 was somehow involved in his prosecution and conviction.  Appellant's Brief, at 5.

[9]**See**
https://www.inquirer.com/philly/news/20150515_Six_narcotics_officers_acquitted_in_federal_corruption_trial.html (last visited 6/18/20).

[10] We give Goulbourne the benefit of the doubt and use the latter date, May 2015, as he was represented by counsel in February 2015, and we do not presume a *pro se* defendant has access to public information.  **See Burton**, 158 A.3d at 638 (presumption that information in public domain is known to PCRA petitioners cannot apply to incarcerated petitioners).

[11] The same analysis holds true for Goulbourne's claim regarding Palmer. Here, Palmer's conviction occurred in 2010 – Goulbourne filed his petition eight years later in 2018.  He does not explain when he learned of this public

Accordingly, because Goulbourne has failed to plead and prove an exception to save his otherwise untimely PCRA petition, the court did not have the power to address the merits of his PCRA claims. ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). Thus, the PCRA court properly dismissed his petition as untimely.[12]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/20

_____

information and does not put forth any evidence demonstrating that he raised that police misconduct claim within 60 days of the date it could have been presented.

[12] Even if Goulbourne had successfully proven a section 9545(b)(1) exception, because he was convicted *in absentia* on May 2, 2003 —three years before Officer Liciardello allegedly engaged in his misconduct and seven years before Officer Palmer's conviction— the officers' conduct did not occur during their involvement with Goulbourne's case. Thus, an after-discovered evidence claim under section 9543(a)(2)(vi) would likely be unsuccessful as it would not compel a different verdict.